THOMAS, APPELLANT, *v.* THOMAS, APPELLEE.

(No. 87AP-154 — Decided
March 31, 1988.)

*Andrew M. Fishman,* for appellant
Clara M. Thomas.

*Mirras & Schneider Co., L.P.A.,*
and *Charles A. Schneider,* for appellee
Carl E. Thomas.

BOWMAN, J.    Appellant has ap-
pealed from a judgment of the Frank-
lin County Court of Common Pleas,
Division of Domestic Relations, which
sustained a motion to dismiss a peti-
tion for a civil protection order pur-
suant to R.C. 3113.31 and sets forth
the following assignment of error:

"The Court erred in denying a
Civil Protection Order, Final Judg-
ment Entry on the sole and exclusive
basis that there was a divorce action
pending."

The trial court made the following
findings of fact and conclusions of law:

"1.   The parties were married on
May 8, 1976 and have one child, to-wit:
Kimberly Mae Thomas, born January
29, 1978.

"2.   Sometime in early January,
1987 respondent Carl E. Thomas filed
suit for divorce known as Case No.
87DR-01-49.

"3.   The   defendant   Clara   M.
Thomas was served with said divorce
action sometime prior to January 16,
1987.

"4.   On January 16, 1987, the
petitioner Clara M. Thomas filed her
petition for Ex Parte Temporary
Order and for a Protection Order.

"5.   An Ex Parte Temporary Pro-
tection Order was granted on January
16, 1987.

"6.   Hearing   was   scheduled   be-
fore the court on January 23, 1987 to
determine whether to grant the final
Civil Protection Order sought by the
petitioner.

"7.   The  Civil  Protection  Order
was denied on the sole and exclusive
basis that there was a prior divorce ac-
tion taken.

"8.   No testimony was taken at
the hearing."

The purpose of a civil protection
order issued pursuant to R.C. 3113.31
is to provide a petitioner or other
household  member  with  protection
from domestic violence (R.C. 3113.31
[D] and [E]) and allows for the follow-
ing  relief:  an  order  directing  the
respondent to refrain from abusing the
family or household members; grant
possession of the residence or house-
hold to the petitioner or other family or
household member to the exclusion of
respondent; require the respondent to
support the petitioner or family or
household member; provide for tem-
porary custody or temporary visitation
in regards to minor children; require
the respondent and/or petitioner to
seek counseling; require the respon-
dent to refrain from entering the resi-
dence, school, business or place of
employment of the petitioner; or other
relief the court considers necessary.

Further, R.C. 3113.31(G) provides:

"Any proceeding under this sec-
tion shall be conducted in accordance
with the Rules of Civil Procedure, ex-
cept that an order under this section
may be obtained with or without bond.
*The remedies and procedures provided
in this section are in addition to, and
not in lieu of, any other available civil
or  criminal  remedies."* (Emphasis
added.)

Appellee argues that to allow a
party to a divorce or dissolution to file
for a civil protection order pursuant to
R.C. 3113.31 will circumvent the provi-
sions of Civ. R. 75. This court dis-
agrees.

A comparison of R.C. 3113.31 and

Civ. R. 75 shows that while the relief available under both provisions is somewhat similar, it is directed to a different purpose. The purpose of a civil protection order issued pursuant to R.C. 3113.31 is to provide protection from domestic violence and, incidental to that relief, to provide for support and shelter; the relief is available to a broader range of petitioners; the scope of relief is broader; there is no residency requirement; and a violation of a civil protection order can form the basis of a criminal offense, R.C. 2919.27. Civ. R. 75, while providing for financial support and custody, does so only incidentally to a divorce or dissolution and is available only to parties to the action.

The statutory criterion to determine whether or not to grant a civil protection order pursuant to R.C. 3113.31 is the existence or threatened existence of domestic violence. While the court may consider whether there is a pending action for divorce or dissolution, and whether a request has been made or an order granted pursuant to Civ. R. 75, the mere filing of an action for divorce is not a basis on which to deny a civil protection order. Thus, the trial court abused its discretion in refusing to grant a civil protection order to petitioner solely for the reason that a divorce had been filed by one of the parties.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, J., concurs.

WHITESIDE, P.J., concurs in part and dissents in part.

WHITESIDE, P.J., concurring in part and dissenting in part. Although I concur in the judgment of reversal, my reasons for doing so and the resultant remand proceedings in the trial court vary from those expressed by the majority.

First, as to relief sought, pursuant to R.C. 3113.31(E)(1)(d) or (e), the trial court acted within its discretion to refuse relief herein because of the pendency of the divorce proceedings since R.C. 3113.31(E)(3) expressly provides that any relief granted pursuant to those subsections "shall terminate no later than sixty days after the filing of an action for divorce, dissolution, or separate maintenance by the petitioner or respondent." This clearly vests discretion in the trial court to determine how long after the filing of divorce proceedings relief under R.C. 3113.31(E)(1)(d) or (e) should be available, rather than having the issue determined in the divorce proceedings. Thus, it was within the discretion of the trial court to find that the order issued pursuant to R.C. 3113.31(E)(1)(d) or (e) shall terminate upon service of the divorce summons. Since this had occurred herein, discretion arguably exists to terminate the order immediately and, thus, not to issue it. This case must be remanded to the trial court to exercise its discretion.

As to the remainder of the possible relief under R.C. 3113.31, the statute does not preclude relief even though a divorce action is pending or is subsequently filed. However, this does not, as the majority seems to suggest, require that the same issue be litigated in two different proceedings (one a divorce proceeding and the other under R.C. 3113.31).

The real issue before us is not one of jurisdiction, but rather, one of abatement. Contrary to the suggestion in the majority opinion, the trial court has jurisdiction to grant in the divorce action the identical relief sought in the instant proceeding (with the possible exception of an order that respondent

seek counseling). The availability of such relief in the divorce proceedings vests authority in the trial court to deny R.C. 3113.31 relief where the parties are litigating, or could litigate, the same issue in the divorce proceedings. Ordinarily, it is appropriate to avoid multiple litigation where one action can encompass and determine all rights and controversies between the parties. There is no reason not to apply that principle here. At the very least, the trial court should consolidate the proceedings even if the majority view be correct.