The STATE of Ohio, Appellee,

v.

MRUS, Appellant.

[Cite as *State v. Mrus* (1991), 71 Ohio App.3d 828.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4407.

Decided June 10, 1991.

*Stanley A. Elkins,* Warren City Prosecutor, for appellee.

*Michael D. Rossi,* for appellant.

HENDRICKSON, Judge.

This is an appeal from the trial court's judgment wherein appellant's motion to dismiss was denied, and he was found guilty of violating R.C. 2919.25.

On June 1, 1990, appellant's daughter, Bonnie J. Henneman, filed a complaint against him alleging that he knowingly caused or attempted to cause physical harm to her in violation of R.C. 2919.25. Appellant entered a plea of not guilty after which he was tried by the court on June 14, 1990.

The testimony at the hearing revealed that Bonnie Henneman was appellant's child; that she had resided with him, but not since 1977; and that on May 31, 1990, appellant appeared at Bonnie's home and asked to speak with the latter's mother. Bonnie denied appellant permission to speak to her mother and he began physically abusing Bonnie. The police were summoned to the scene. The next day Bonnie filed the subject complaint.

At the close of the state's case-in-chief, appellant moved to dismiss the case on the grounds that the complaint was violative of the constitutional ban against "ex post facto" laws. The court denied the motion, found appellant guilty of a first degree misdemeanor, ordered him to pay a fine and court costs, sentenced him to a ten-day suspended jail term, and ordered him placed on probation for six months. Appellant appeals raising the following assignment of error:

"The trial court erred, to the prejudice of defendant-appellant, in overruling his motion to dismiss made at the conclusion of the state's case-in-chief."

In the sole assignment, appellant maintains that the trial court erred in denying his motion to dismiss the charge of domestic violence, because one of the material elements of the statute requires that he "had resided" with the victim. Appellant further contends that since he had not resided with the victim after the enactment of the statute, his conviction violated the constitutional prohibition against "ex post facto" laws.

Upon review of a motion to dismiss, this court's standard of review is whether the trial court abused its discretion.

"*Ex post facto* laws are prohibited by Section 10, Article I of the United States Constitution, which provides, in part: 'No State shall * * * pass any * * * ex post facto Law * * *.' The United States Supreme Court has defined an *ex post facto* law as follows:

" ' "It is settled, by decisions of this Court so well known that their citation may be dispensed with, *that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission,* or which

deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*"' *Dobbert v. Florida* (1977), 432 U.S. 282, 292 [97 S.Ct. 2290, 2297–2298, 53 L.Ed.2d 344, 356], quoting *Beazell v. Ohio* (1925), 269 U.S. 167, 169–170 [46 S.Ct. 68, 68–69, 70 L.Ed. 216, 217–218] (Stone, J.)." (Emphasis added in part.) *State ex rel. Corrigan v. Barnes* (1982), 3 Ohio App.3d 40, 42, 3 OBR 43, 45, 443 N.E.2d 1034, 1036.

In order to determine whether appellant was subject to an "ex post facto law," close scrutiny of the pertinent provisions of the statute is required.

R.C. 2919.25, entitled "domestic violence," provides in relevant part, as follows:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

"* * * *

"(E) As used in this section and sections 2919.251 and 2919.26 of the Revised Code:

"(1) 'Family or household member' means any of the following, who is residing or has resided with the offender:

"(a) A spouse, a person living as a spouse, or a former spouse of the offender;

"(b) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;

"(c) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.

"(2) 'Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, who otherwise has cohabited with the offender within one year prior to the date of the alleged commission of the act in question, or who is the natural parent of the offender's child."

The facts here clearly reveal that Bonnie was a family member (appellant's child), that she had resided with him, albeit not since 1977, and that appellant knowingly caused or attempted to cause physical harm to her.

Therefore, based on the foregoing, the only question is whether the phrase "has resided" is a material element of the crime, *i.e.,* was it necessary for Bonnie to live with appellant after the enactment of the statute in order to avoid appellant's contention that the statute violated his constitutional prohibition against "ex post facto" laws?

It would appear to this court that the material elements of the offense of domestic violence are that a person *knowingly caused* or *attempted* to *cause physical harm* to a *family* or *household member.* The phrase "residing or has resided with," as found in R.C. 2919.25(E)(1), merely qualifies or defines what constitutes "family or household member," and as such is not a material element of the crime.

Moreover, in the portion of the statute that applies to a child of the offender, R.C. 2919.25(E)(1)(b), there is no specification as to when the child must have resided in the household of the offender. On the other hand, R.C. 2919.25(E)(2), as amended in 1989, which refers to a "person living as a spouse," states that the cohabitation must have occurred within one year prior to the date of the alleged commission of the act in question.

Thus, it is apparent that the legislature did not intend to specify a time period during which any other class of persons must have resided in the household of the offender in order to find the offender guilty of domestic violence involving a member of such a class.

Although the original statute was enacted in 1979, it was clarified and amended in 1981; and more recent amendments determined who had to reside with the offender in order to fall within the statute. Also, there was an amendment which provided that in order for a spouse to file a complaint there must have been cohabitation with the offender within one year of the alleged crime.

Therefore, if any such restrictions were intended for any other class of persons, the legislature would have made that clear when it specified a time period within which it was necessary for a spouse to have lived with the offender.

Accordingly, it appears that appellant was not subjected to an "ex post facto law," inasmuch as he committed the material elements of the crime well after the statute had gone into effect. The fact that the "residing together" occurred prior to the statute's enactment is of no consequence, since it is not a material element of the offense, and the legislature did not specify when the "residing" had to have occurred.

Also, there is no evidence in the record before us that the motion to dismiss was renewed at the conclusion of appellant's evidence.

Therefore, appellant's assignment of error is overruled.

*Judgment affirmed.*

CHRISTLEY, P.J., and BASINGER, J., concur.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, and RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.