This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, overruling the objections to the magistrate's decision filed by plaintiff-appellant, Anna Coma, and affirming the magistrate's decision which found that appellant was not a family or household member as such term is defined in R.C. 3113.31.
At the outset, we note that defendant-appellee, Dale Kellogg, has failed to file a brief in this matter. Therefore, pursuant to App. R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
Appellant and appellee have a step-daughter/step-father relationship. On June 19, 1996, appellant filed a petition with the trial court alleging that appellee had committed an act of domestic violence against her and her children, thereby entitling her to the issuance of a civil protection order pursuant to R.C. 3113.31. An ex parte hearing was held the same day and an ex parte preliminary order was filed in favor of appellant on June 20, 1996.
A full hearing was scheduled for July 1, 1996. The magistrate's order filed on July 5, 1996 reflects that upon the agreement of all parties, a hearing on a final protective order would be continued until such time as the criminal charges pending against appellee in the Southwest Area Court, Columbiana County, Ohio, were resolved. Said charges arose as a result of the within incident. The magistrate also instructed the parties to file briefs concerning the jurisdictional issue as to whether the alleged act of domestic violence had been committed against a family or household member as such term is defined in R.C. 3113.31. Both parties duly submitted memorandums on the jurisdictional issue and appellee further filed a motion requesting that the magistrate dismiss appellant's petition.
The magistrate filed her decision on August 30, 1996, sustaining appellee's motion and dismissing appellant's petition for domestic violence. The magistrate determined that appellant was an adult step-child and had not lived with appellee since 1987. Therefore, the magistrate found that appellant was not a family or household member within the meaning of R.C. 3113.31.
Appellant filed objections to the magistrate's decision on September 12, 1996. Upon due consideration, the trial court filed its judgment entry on October 31, 1996, overruling appellant's objections and affirming the magistrate's decision. This appeal followed.
Appellant's sole issue for review on appeal states:
 "Whether the trial court erred in ruling the appellant was not a 'family or household member' as that term is defined by Revised Code 3113.31."
It is undisputed in this case that appellant and appellee are step-daughter and step-father. Although they had not resided together for approximately nine years, appellant and appellee did previously reside in the same household as a result of their relationship.
Appellant argues that the trial court erred in dismissing her petition for domestic violence and request for a civil protection order against appellee since she met the elements of a "family or household member" as defined in. R.C. 3113.31
(A) (3) (a). Appellant states that not only did she formerly reside with appellee but further, a step-parent/step-child relationship is one which is established by affinity. Affinity is defined, in pertinent part, in Black's Law Dictionary as a "[r]elation which one spouse because of marriage has to blood relatives of the other. The connection existing, in consequence of marriage, between each of the married persons and the kindred of the other." Black's Law Dictionary (5th Ed. 1979) 54.
R.C. 3113.31 (A) (3) defines a "family or household member" as follows:
 "(a) Any of the following who is residing with or has resided with the respondent:
 "(i) A spouse, a person living as a spouse, or a former spouse of the respondent;
 "(ii) A parent or a child of the respondent, or another person related by consanguinity or affinity to the respondent;
 "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the respondent, or another person related by
consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the respondent." (Emphasis added).
Regrettably, the case law interpreting the language of the statute in question has determined that for the protected class at issue, no residency requirement is necessary and that this does not violate constitutional provisions. (See State v. Mrus
(1991), 71 Ohio App.3d 828; State v. Williams (1997), 79 Ohio St.3d 459) Although a person who is living as a spouse of an alleged offender must have cohabitated with said offender within the year prior to the date of the alleged offense, there is no such residency requirement concerning a step-parent/step-child relationship.
In O'Hara v. Dials (Feb. 2, 1996), Erie App. No. E-95-044, unreported, the court held, citing to Thomas v. Thomas (1988),44 Ohio App.3d 6:
 " '[t]he purpose of a civil protection order issued pursuant to R.C. 3113.31 is to provide protection from domestic violence and, incidental to that relief, to provide for support and shelter; the relief is available to a broader range of petitioners; the scope of relief is broader; there is no residency requirement; and a violation of a civil protection order can form the basis of a criminal offense, * * *'." (Emphasis added).
In Mrus, supra, the court found that although the respondent's daughter, against whom he allegedly committed an act of domestic violence, had not lived with him for approximately thirteen years, she was nonetheless considered a "family or household member" within the meaning of the statute. Likewise, in State v. Poling (May 20, 1998), Shelby App. No. 17-97-26, unreported, the court found that a son no longer living with his father (the offender) was within the statutory definition of "family or household member" as a result of the fact that they had resided together in the past.
In Williams, supra, the Ohio Supreme Court addressed the definitions of "cohabitant" and "family or household member" as set forth in R.C. 2919.25 and related statutes. The statute at issue in this case, R.C. 3113.31, contains the same definitions as those discussed in Williams. The sole issue before the Ohio Supreme Court in Williams was whether there was sufficient evidence to prove that the petitioner and the respondent were "family or household members". The Ohio Supreme Court stated in pertinent part:
 "[Appellee] notes that regardless of the definition of 'cohabitation,' the definition of 'family or household member' necessarily includes a person 'who is residing or has resided with the offender,' * * *, and urges this court to adopt a narrow definition of 'reside' which would limit 'family or household members' to those who actually share one residential address. This we decline to do." Williams, supra at 462.
Notably, the Ohio Supreme Court referred to its previous decision in Felton v. Felton (1997), 79 Ohio St.3d 34, and added:
 " 'The General Assembly enacted the domestic violence statutes specifically to criminalize those activities commonly known as domestic violence and to authorize a court to issue protection orders designed to ensure the safety and protection of a complainant in a domestic violence case'." Williams, supra at 462.
The Ohio Supreme Court determined that the General Assembly clearly believed that an assault or attempted assault involving a family or household member deserved greater protection than an assault upon a stranger and concluded that "the offense of domestic violence, * * *, arises out of the relationship of the parties rather than their exact living circumstances."Williams, supra at 464. Based upon the Ohio Supreme Court's decision in Williams, supra, and the additional foregoing case law, the fact that appellant and appellee did not reside in the same household at the time of the within incident did not prohibit appellant from being considered a "family or household member" within the meaning of R.C. 3113.31.
Furthermore, as appellant and appellee are related by affinity, their step-parent/step-child relationship falls within the meaning of "family or household member" as set forth in R.C. 3113.31(A) (3) (a) (ii). In State v. Wilhelm (Aug. 5, 1996), Ross App. No. 95CA2123, unreported, the court clearly held that a "family or household member" includes a child of another person related by affinity to the offender. The court pointed out that the victim was the offender's stepson and thus, was a "family or household member" as contemplated by the domestic violence statute. Wilhelm, supra.
Given the preceding discussion and the facts presented in the case at bar, we find that the court magistrate and the trial court erred in dismissing appellant's petition for domestic violence and request for a civil protection order against appellee as appellant met the definition of "family or household member" set forth in R.C. 3113.31.
Appellant's sole issue for review on appeal is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Donofrio, J., concurs.
Waite, J., concurs.
 APPROVED: ______________________________ EDWARD A. COX, PRESIDING JUDGE