OPINION
This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, Domestic Relations Division, overruling the objections to the magistrate's decision filed by defendant-appellant, Dennis Judd Bruner, and adopting the magistrate's decision in its entirety, thereby granting plaintiff-appellee, Shannon L. Bruner, a civil protection order against appellant.
On August 9, 1999, appellee filed a petition for domestic violence and request for a civil protection order. A full evidentiary hearing was held on August 18, 1999 and testimony was offered. Both parties and their respective counsel were present at the hearing. On August 20, 1999, the magistrate rendered his decision, issuing a civil protection order in favor of appellee and against appellant. On September 2, 1999, appellant filed objections to the magistrate's decision with the trial court. Thereafter, appellant filed a request for a stay of the magistrate's order. Following a hearing before the trial court, appellant's objections were overruled and his request for a stay was denied by separate judgment entries filed on September 24, 1999. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "WHETHER THE APPELLANT (sic) COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S WRITTEN OBJECTIONS TO THE DECISION OF THE MAGISTRATE REGARDING A FINDING OF DOMESTIC VIOLENCE, WHERE THE RECORD INDICATES THE MAGISTRATE FOUND NO DOMESTIC VIOLENCE OCCURRED, ON THE DATE AND PLACE OR TIME ALLEGED IN APPELLEE'S COMPLAINT."
Appellant essentially maintains that the trial court abused its discretion in adopting the magistrate's decision as its order in this case and in finding that appellant's actions constituted domestic violence. Appellant argues that the magistrate did not find by a preponderance of the evidence that an act of domestic violence occurred on August 9, 1999, the date set forth by appellee in her petition for domestic violence and request for civil protection order. Rather, appellant submits that the magistrate issued his decision based upon incidents which allegedly occurred during the course of the parties' marriage, with specific emphasis on an event that purportedly occurred in 1996.
Appellant concedes that prior acts may be considered when a finding is made that the act complained of occurred on the same date, time and place as set forth in a petition for domestic violence. However, appellant avers that upon finding no domestic violence took place on the date set forth in a petition for domestic violence, a trier-of-fact cannot amend such petition suasponte to consider incidents which have allegedly occurred in the past.
Appellant also argues that his constitutional due process rights were violated, as he was not afforded notice with reference to the previous incidents which were taken into consideration by the magistrate. Appellant avers that he was prepared to defend against the allegations contained in the written petition for domestic violence dated August 9, 1999, and not against any alleged event which may have occurred in the past.
Finally, appellant argues that a "pattern of conduct over the years" does not fit within the statutory confines of R.C.3113.31(A)(1)(b) as it relates to "imminent" harm.
The purpose of a civil protection order issued pursuant to R.C. 3113.31 is to provide a petitioner or other household members with protection from domestic violence. Thomas v. Thomas
(1988), 44 Ohio App.3d 6, 7. In Felton v. Felton (1997), 79 Ohio St.3d 34, the Ohio Supreme Court held that a petitioner seeking a civil protection order must demonstrate by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. Domestic violence, as a basis for a civil protection order, is defined in R.C. 3113.31 (A)(1), in pertinent part, as follows:
 "`Domestic violence' means the occurrence of one or more of the following acts against a family or household member:
"(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [2903.21.1] or 2911.211 [2911.21.1] of the Revised Code." (Emphasis added).
For the purposes of obtaining a civil protection order, a person commits domestic violence if he places a family member in fear of imminent serious physical harm by threat of force. R.C. 3113.31(A)(1)(b). Threats of violence constitute domestic violence pursuant to R.C. 3113.31, if the fear resulting from those threats is reasonable.Eichenberger v. Eichenberger (1992), 82 Ohio App.3d 809,815. The reasonableness of the fear felt by the petitioner should be determined with reference to her history with the respondent. Eichenberger, supra.
Based upon the testimony presented before the magistrate with regards to the date of the incident as set in appellee's petition, the evidence was insufficient to establish that appellant committed an act of domestic violence on such date. Nowhere within appellee's testimony did she indicate that she was in fear of imminent serious physical harm, which is a required element in establishing domestic violence pursuant to R.C.3113.31(A). Following appellee's discussion concerning past events of alleged domestic violence, over the continuing objection raised by appellant's counsel, appellee was asked if she had felt threatened by such events, to which she responded affirmatively. (Tr. 10).
Appellee's counsel immediately thereafter led appellee's testimony by making inquiry as to when she first felt threatened by appellant on August 9, 1999, to which appellee relied, "The second he walked in the door." (Tr. 10-11). Other than this generalized, unsubstantiated statement, appellee made no further remark to the effect that she was fearful of or afraid of appellant causing her imminent serious physical harm on August 9, 1999. Throughout her testimony, appellee consistently referred to incidents of alleged prior domestic violence committed against her by appellant before the date set forth in her petition, August 9, 1999. On re-direct examination of appellee, her counsel asked simply and generally whether appellee was physically afraid of appellant, to which she responded affirmatively. (Tr. 29).
The magistrate specifically indicated on the record that he did not find an incident of domestic violence had occurred on August 9, 1999, the date alleged by appellee in her petition. The magistrate stated:
 "I think it's also important to note for the record that domestic violence, as it's defined by Revised Code Section 3113.31, causing or attempting to cause physical harm or threatening someone with eminent (sic) serious physical harm the events of August 9, 1999. I don't think the respondent did those things. I don't think he caused or attempted to cause the petitioner physical harm on that day.
 "He — I find he did push her, and I find that she was threatened by that; but I wouldn't find that she was, at that point, in fear of eminent (sic) serious physical harm from the respondent. However, I do find that based on a course of conduct over the last few years that the petitioner definitely is in danger of domestic violence from the respondent.
 "And there's a pattern of conduct here. Taking in isolation the events of August 9 probably would not be enough for me to have issued a civil protection order against the respondent. But with the testimony of the prior altercations between the petitioner and the respondent, I find that the petitioner has proved by a preponderance of the evidence that she is in danger of domestic violence from the respondent." (Tr. 47-48). (Emphasis added).
Contrary to appellee's contention that her fear of appellant on August 9, 1999 was reasonable in view of the circumstances which had transpired in the past, appellee made no affirmative or specific statement at the hearing on her petition to establish that she was, in fact, in fear of imminent serious physical harm on August 9, 1999. Furthermore, the magistrate clearly found that appellee was not in fear on such date. Absent an initial, explicit indication that appellee was in fear of imminent serious physical harm from appellant on August 9, 1999, the reasonableness of her alleged fear cannot be determined by reference to her past history with appellant. (SeeEichenberger, supra).
Thus, the trial court erred in overruling appellant's objections and in accepting the magistrate's decision as its order in this case, as appellee did not establish the elements of R.C.3113.31(A)(1)(b) by a preponderance of the evidence and the issuance of a civil protection order was not warranted. Appellant's sole assignment of error on appeal is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
Donofrio, J., concurs.
Waite, J., concurs.