OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, James T. Ankenbruck, appeals from a final judgment of the Domestic Relations Division of the Trumbull County Court of Common Pleas granting appellee, Christina Ankenbruck, a domestic violence civil protection order pursuant to R.C. 3113.31. For the reasons that follow, we affirm the judgment of the trial court.
On July 2, 1999, appellee filed a petition with the trial court for a protective order against appellant. In the petition, appellee alleged that during the early morning hours of May 1, 1999, appellant had struck her in the face with an open hand. In addition, she alleged that in the past appellant had committed various acts of domestic violence, including chasing her out of the house with a baseball bat, smothering her with a pillow, and threatening her on several occasions with a gun and/or knife.
An ex parte hearing on the petition was held on July 8, 1999, at which time the magistrate granted appellee a temporary protection order. The magistrate conducted a full hearing on the petition on August 5, 1999. Both parties were present at the hearing and represented by counsel. Appellee took the stand and testified as to the events of May 1, 1999, and about the other incidents listed in the petition. She also recounted incidents of verbal abuse by appellant and stated that she was afraid of him.
Appellant testified on his own behalf and admitted that he had struck appellee on the night in question. However, he denied the other accusations put forth by appellee in her petition.
After hearing all of the evidence, the magistrate granted the protection order, finding that appellee had proven she was in fear of imminent serious physical harm. On August 17, 1999, appellant filed timely objections to the magistrate's decision arguing that the it was against the manifest weight of the evidence. By judgment entry dated September 15, 1999, the trial court overruled appellant's objections and adopted the magistrate's decision.
From this judgment entry, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error for our review:
 "The trial court erred in granting petitioner-appellee a civil protection order under Ohio R.C. 3113.31 as appellee failed to present sufficient evidence to support a finding, by a preponderance of the evidence, that appellant committed acts of domestic violence under the statute."
Under his sole assigned error, appellant argues that the trial court erred in granting appellee a civil protection order because appellee failed to present sufficient evidence to support a finding, by a preponderance of the evidence, that appellant committed an act of domestic violence under R.C. 3113.31. In particular, appellant maintains that appellee did not testify as to the severity of the slap or that she had suffered any injury as a result of the blow. As for the past incidents, appellant, although he denies they occurred, claims that even if they had happened, the prior incidents have no nexus with the events of May 1, 1999, and should not have been considered. We disagree.
"The statutory criterion to determine whether or not to grant a civil protection order pursuant to R.C. 3113.31 is the existence or threatened existence of domestic violence." Thomas v. Thomas (1988),44 Ohio App.3d 6, 8. As a result, when granting a civil protection under R.C. 3113.31, the trial court must find that the petitioner has shown by a preponderance of the evidence that he or she is in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus; Visnich v. Visnich (Dec. 17, 1999), Trumbull App. No. 98-T-0144, unreported, at 6, 1999 Ohio App. LEXIS 6140; Dybo v. Dybo
(Nov. 5, 1999), Geauga App. No. 98-G-2155, unreported, at 6, 1999 Ohio App. LEXIS 5230.
The decision whether or not to grant a protection order lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Visnich at 6; Dybo at 6. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219;Visnich at 6; Dybo at 7.
It is well-established that in reviewing the weight and sufficiency of the evidence upon which a trial court bases its decision, an appellate court must affirm the judgment of the trial court on appeal if the trial court's decision is supported by some competent, credible evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Yardmaster, Inc. v. Kish (Sept. 25, 1998), Trumbull App. No. 97-T-0160, unreported, at 4, 1998 WL 684831. Moreover, when reviewing the sufficiency of the evidence to determine whether or not it supports the trial court's decision, an appellate court must examine all of the evidence admitted at the trial or hearing in order to establish whether there was some evidence going to each of the essential elements of the case. Concord Twp. Trustees v. Hazelwood Builders, Inc. (May 16, 1997), Lake App. No. 96-L-075, unreported, at 2, 1997 WL 286205.
With this in mind, the issue this court must resolve is whether there was any competent, credible evidence in the record to support the trial court's determination that appellant's actions constituted domestic violence for purposes of granting a civil protection order under R.C.3113.13. The trial court, in granting the protection order, found the allegations in the petition to be true based on the testimony given at the hearing.
Our review of the record shows that on May 1, 1999, appellant struck appellee in the head with an open hand. While there was no testimony concerning the severity of the slap, that fact is ultimately immaterial to whether or not appellant committed domestic violence as that term is defined in R.C. 3113.31. R.C. 3113.31(A) states in pertinent part:
 "(1) `Domestic violence' means the occurrence of one or more of the following acts against a family or household member:
 "(a) Attempting to cause or recklessly causing bodily injury;
 "(b) Placing another person by threat of force in fear of imminent serious physical harm * * *;
"* * *."
As can be clearly seen, the language used in defining "domestic violence" does not require that a person sustain an actual injury for domestic violence to have been committed. Instead, all that is necessary is that the person who committed the act attempt to cause bodily injury, and/or place the other person in fear of imminent serious physical harm.
In the instant matter, appellant unequivocally admitted to striking appellant on May 1, 1999. By itself, an open-handed slap to the face has been considered an attempt to cause bodily injury, and, thus, constituted domestic violence. State v. Blonksi (1997), 125 Ohio App.3d 103, 114
(upholding a domestic violence criminal conviction where the defendant slapped the victim in the leg and then pushed her on a bed).
The trial court went further, however, and found that in addition to the slap, appellee's testimony concerning the physical and mental abuse she had suffered throughout the parties' marriage also supported the granting of the protection order. In fact, appellee testified that she was afraid of appellant, especially in light of the previous incidents of serious physical violence.
Appellant attempts to discredit this testimony by arguing that the alleged incidents occurred in the past and should not have been considered by the trial court. As we noted in Visnich at 7, however, there is nothing in R.C. 3113.31 which precludes a court from considering a person's past violent conduct when deciding whether or not a protection order is warranted. Thus, we held that the language in R.C. 3113.31(A)(1) clearly contemplated prior acts being used as evidence to support the issuance of a protection order. Visnich at 8.
In short, the trial court found that after taking all the evidence into consideration, appellee possessed a reasonable fear of imminent serious physical harm. After looking at the entire record properly submitted to this court, we cannot say that the trial court abused its discretion in this regard. Appellee repeatedly testified that she was afraid of appellant because of the past abuse, both physical and verbal. While fear does have a subjective element to it, Eichenberger v. Eichenberger
(1992), 82 Ohio App.3d 809, 815; Yoel v. Yoel (Nov. 20, 1998), Lake App. No. 97-L-219, unreported, at 6-7, 1998 Ohio App. LEXIS 5520, there is nothing to suggest that appellee's fear was irrational or unfounded. Accordingly, appellant's sole assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 _________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs with Concurring Opinion,
NADER, J., concurs.
CONCURRING OPINION