[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Gustave Neuss appeals from the issuance of a civil protection order against him by the domestic relations court. Neuss and plaintiff-appellee Jennifer Petty were once married, and they have two children. Petty is remarried and has two other children. In November 1999, Petty sought an ex parte civil protection order following an incident with Neuss. A hearing relating to the civil protection order was conducted in May and June 2000.
The record establishes that, on November 23, 1999, Petty, her second husband, and Neuss attended a school play. Neuss brought a hired bodyguard to the play. According to the Pettys, Neuss and his bodyguard had approached them after the play and verbally and physically threatened them. The Pettys testified that Neuss had attempted to hit them with a camera, and that the bodyguard had indicated that he was a policeman and that he would have them arrested.
According to Neuss, he had previously obtained a civil protection order to protect him from the Pettys in Warren County. Neuss admitted that he had taken pictures of the Pettys after the school play, but he denied threatening them. Neuss insisted instead that Petty's husband had threatened him after the play. Neuss explained that he had brought a bodyguard to the play to act as a witness, and that he did not know that the bodyguard had a gun. The bodyguard also testified that Petty's husband had initiated the confrontation, that he had never threatened the Pettys, and that he had never wielded his gun.
Following the hearing, the magistrate found the testimony of Petty to be credible and granted a civil protection order against Neuss. Neuss filed a motion to set aside the order, which was overruled by the trial court. The magistrate's order was adopted in all respects, except to the extent that it was limited to one year. This appeal followed.
In his sole assignment of error, Neuss contends that the trial court erred in granting the civil protection order. He maintains both that the trial court abused its discretion in issuing the order, and that the order was against the manifest weight of the evidence.
When granting a civil protection order, the trial court must find by a preponderance of the evidence that the petitioner or the petitioner's family is in danger of domestic violence.[1] Domestic violence is defined in relevant part as follows:
 [T]he occurrence of one or more of the following acts against a family or household member:
Attempting to cause or recklessly causing bodily injury;
 Placing another person by the threat of force in fear of imminent serious physical harm * * *.[2]
 The decision whether to grant a civil protection order lies within the sound discretion of the trial court.[3]
The court's judgment will not be reversed on the manifest weight of the evidence, so long as it is supported by some competent and credible evidence going to all the essential elements of the case.[4]
There were two occurrences that warranted a finding concerning the danger of domestic violence. One was the attempt to strike the Pettys with the camera, the second was the use of the bodyguard's gun to intimidate the Pettys. Although Neuss and his bodyguard testified to the contrary, the finder of fact was in a better position to weigh the conflicting evidence and to resolve conflicts in the evidence.[5]
Because competent, credible evidence was presented to support the danger of domestic violence,[6] we hold that the trial court's decision to issue the civil protection order against Neuss was not against the manifest weight of the evidence, and was not an abuse of discretion, i.e., was not unreasonable, arbitrary, or unconscionable.[7] The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See Felton v. Felton (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus.
[2] R.C. 3113.31(A)(1)(a) and (b).
[3] See Deacon v. Landers (1990), 68 Ohio App.3d 26, 31, 587 N.E.2d 395,399.
[4] See C.E Morris Co. v. Foley Constr. Co (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[5] See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273.
[6] See Thomas v. Thomas (1988), 44 Ohio App.3d 6, 8, 540 N.E.2d 745,746.
[7] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.