OPINION
This is an accelerated calendar appeal submitted to this court on the briefs of the parties. Andrew Maglionico ("appellant") appeals the November 7, 2000 judgment entry by the Portage County Court of Common Pleas, Domestic Relations Division, denying his objections to the magistrate's decision, which granted a domestic violence civil protection order against him. For the following reasons, we reverse the judgment of the lower court.
On July 19, 2000, Sherry and Russell Maglionico ("appellees") filed a petition for a domestic violence civil protection order against appellant. Appellees also sought protection for their children. Appellant and appellee Russell are brothers. In appellees' petition for a domestic violence civil protection order, appellees alleged appellant made numerous threats. The magistrate issued a domestic violence exparte civil protection order to appellees.
On August 11, 2000, a full hearing commenced before the magistrate. The same day, the magistrate issued a domestic violence full hearing civil protection order to appellees. The magistrate found that appellant threatened appellees. The trial court adopted the magistrate's findings and issuance of a civil protection order. Subsequently, on August 21, 2000, appellant filed timely objections along with a notice that a transcript was ordered. Appellant contended it was not demonstrated by clear and convincing evidence that R.C. 3113.31(A)(3) and (C) were proven. Thereafter, on October 23, 2000, upon receipt of the transcript, appellant filed a memorandum in support of his objections. Appellant asserted the transcript did not contain any evidence that he is a "family or household member." Specifically, appellant contended there was no proof of the element of "residing with or has resided with the respondent." An objection hearing was held.
On November 7, 2000, the trial court filed a nunc pro tunc judgment entry, denying appellant's objections and upholding the issuance of the civil protection order. The trial court stated R.C. 3113.31(A)(iii) provides that a family member, among others, is a person related by consanguinity; therefore, there is no requirement that they must live together. On November 8, 2000, appellant filed a timely notice of appeal, asserting two assignments of error.
In appellant's first assignment of error, appellant contends the trial court's decision to grant the civil protection order was against the manifest weight of the evidence. Appellant asserts the evidence did not establish the element of domestic violence because a preponderance of the evidence must exist demonstrating behavior that would cause a reasonable person to experience fear of imminent serious physical harm. In particular, appellant posits appellees were not threatened by the alleged incident on May 19, 2000 or the telephone calls on May 20, 2000.
Briefly, before addressing the merits of appellant's first assignment of error, it is necessary for us to point out that there is some overlap as to the arguments raised in appellant's second assignment of error pertaining to the definition of "family or household members." Therefore, in analyzing appellant's first assignment of error, we will not address the specific arguments raised in appellant's second assignment of error.
The decision to grant or deny a civil protection order pursuant to R.C. 3113.31 lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Deacon v. Landers
(1990), 68 Ohio App.3d 26, 31; Dybo v. Dybo (Nov. 5, 1999), Geauga App. No. 98-G-2155, unreported, 1999 Ohio App. LEXIS 5230, 6-7. Abuse of discretion connotes more than an error of law or judgment; rather, it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Pursuant to R.C. 3113.31, the determination as to whether or not to grant a civil protection order is the existence or threatened existence of domestic violence. Ankenbruck v. Ankenbruck (Dec. 8, 2000), Trumbull App. No. 99-T-0144, unreported, 2000 Ohio App. LEXIS 5757, 4, citingThomas v. Thomas (1988), 44 Ohio App.3d 6, 8. When granting a civil protection order, the trial court must find the petitioner has demonstrated by a preponderance of the evidence that he and/or his family or household members are in danger of domestic violence. Felton v.Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus; Visnichv. Visnich (Dec. 17, 1999), Trumbull App. No. 98-T-0144, unreported, 1999 Ohio App. LEXIS 6140. In accordance with R.C. 3113.31(A)(1)(b), "domestic violence" means, among other things, the placing of a family or household member in fear of imminent serious physical harm by threat or force. Threats of violence constitute domestic violence under R.C. 3113.31
provided the resulting fear from those threats is reasonable. Conkle v.Wolfe (1998), 131 Ohio App.3d 375, 383, citing Eichenberger v.Eichenberger (1992), 82 Ohio App.3d 809, 815.
It is well established that judgments supported by some competent and credible evidence, going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence.Vogel v. Wells (1991), 57 Ohio St.3d 91, 96; see, also, Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80. A reviewing court must indulge in every reasonable presumption in favor of the trial court's judgment, and, in the event the evidence is susceptible to more than one interpretation, a reviewing court must construe it consistently with the trial court's judgment. Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 226. In the absence of evidence to the contrary, we will presume the findings of the trial court are correct because the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. Seasons Coal Co., supra, at 80.
In the case before us, the standard used by the trial court in determining whether to grant or deny appellees' civil protection order was whether appellees demonstrated by a preponderance of the evidence that they were in danger of domestic violence, i.e., placed in fear of imminent serious physical harm. We must determine whether there was any competent and credible evidence to support the trial court's decision. Appellees' petition for a domestic violence civil protection order filed July 19, 2000 stated:
 "[Appellant] called Michael [appellees' son] threatened to shoot him or stab him like a pig * * * [Appellant] arrived at our home threatening to beat the (F) shit out of Russell Sr. Called on the phone approx. 20 times threatening to shoot Russell Sr. 
Sherry. Finally, spoke to our priest on the phone told him he was going to shoot Russ through the head — Sherry in the eyes."
 Additionally, during the hearing, the sole witness was appellee Russell who testified to various instances of threatening behavior on the part of appellant. In particular, appellee Russell testified that on one occasion appellant arrived at their home and told his son, Michael, that he was there to beat appellee Russell. Appellee Russell further stated that on another occasion at 2:00 am, his son, Michael, answered the phone and was told, "I'm either gonna shoot you or stab you like a pig. It's your choice." Appellee Russell testified his son hung up and dialed star 69, revealing the number where appellant was residing. Appellee Russell also indicated that on another day they received approximately half a dozen phone calls from appellant threatening to kill appellees.
Upon review of the record, there exists competent and credible evidence to support the trial court's determination that appellant threatened appellees and that those threats placed them in reasonable fear of imminent serious physical harm. The trial court was in the best position to view the sole witness and weigh the credibility of his proffered testimony. We cannot say the trial court's finding that appellant's threats placed appellees in reasonable fear of imminent serious physical harm was against the manifest weight of the evidence. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, appellant argues the trial court erred in determining that persons related by consanguinity and nothing more satisfy the statutory requirements for the issuance of a domestic violence civil protection order. Appellant contends the trial court erred in concluding there was no requirement that the parties must live together.
As stated in the analysis of appellant's first assignment of error, the determination as to whether or not to grant a civil protection order is the existence or threatened existence of domestic violence, which is, among other things, the placing of a "family or household member" in fear of imminent serious physical harm by threat or force. Pursuant to R.C.3113.31(A)(3), "family or household member" means:
 "(a) Any of the following who is residing with or has resided with the respondent:
"(i) * * *
 "(ii) A parent or a child of the respondent, or another person related by consanguinity or affinity to the respondent.
"(iii) * * *" [Emphasis added.]
 It is evident that R.C. 3113.31(A)(3)(a)(ii) requires some indication that, in addition to relation by consanguinity or affinity, the parties in dispute currently reside with each other or had resided with each other at some time in the past.
In State v. Mrus (1991), 71 Ohio App.3d 828, 831, although not a civil protective order case, but a domestic violence case brought pursuant to R.C. 2919.25, this court stated the phrase "residing or has resided with" defines what constitutes a family or household member. In Mrus, we held there was no specific time frame as to when the "residing" had to occur.Id. As such, we concluded the defendant's child, who had not resided with him since 1977, fit the definition of a family or household member. Id. at 830.
In the case sub judice, part of appellees' burden of proving by a preponderance of the evidence that they were in danger of domestic violence by appellant included not only evidence that they were in fear of imminent serious physical harm by threat or force, but also evidence demonstrating they fit the definition of "family or household members." Upon review of the record, during the hearing, appellee Russell testified he and appellant were brothers and that appellant did not reside with them at their current address. There was testimony satisfying the relation of consanguinity and affinity between appellant and appellees. However, there was no evidence to show that appellant had resided with appellee Russell and/or appellees at some time in the past. The trial court's November 7, 2000 judgment entry states that, pursuant to R.C.3113.31(A)(3), there is no requirement that they live together since they are related by consanguinity. This is, in part, correct; however, there is an alternate requirement that the parties, related by consanguinity and/or affinity, lived together at some time in the past.
It is likely that, as brothers, appellant and appellee Russell did reside with each other when they were younger. This is implicit in appellant's objections to the magistrate's findings because he did not directly argue otherwise. Rather, appellant argued the testimony presented did not indicate that appellant and appellee Russell resided together at some time. Appellant argued there are innumerable hypothetical scenarios in which brothers may never reside together. The burden of proof was not on appellant. Appellees failed to satisfy their burden of proving by a preponderance of the evidence that appellant had resided with appellee Russell and/or appellees at some time in the past. Appellant's second assignment of error is well taken.
Based upon the foregoing analysis, although there was competent and credible evidence demonstrating appellant threatened appellees, the record fails to show any evidence demonstrating appellant and appellee Russell and/or appellees resided together at some time in the past. Our holding does not preclude appellees from re-filing another domestic violence civil protection order against appellant based on subsequent circumstances or events, assuming appellee Russell and/or appellees resided with appellant at some point, or from pursuing criminal charges if appropriate.
Appellant's first assignment of error is without merit. Appellant's second assignment of error is sustained. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is reversed.
JUDGE DIANE V. GRENDELL, CHRISTLEY, P.J., NADER, J., concur.