DECISION. *Page 2 
{¶ 1} On January 24, 2007, petitioner-appellant Trudy Hayes filed a petition for a civil protection order against her husband, respondent-appellee Hubert Gibbs, on behalf of herself and the couple's children, nine-year-old Duvall and four-year-old DeNiro. In her petition, Hayes also requested that Gibbs be required to pay support for the two children. Hayes and Gibbs had been living apart since August of 2006. An ex parte hearing was held, and a protection order was issued on February 5, 2007. A full hearing was held on February 20, 2007. Hayes testified that Gibbs had provided support for the children through September of 2006, but that he had not provided any support after that time. The trial court entered a decision granting Hayes a protection order but denying an order of protection for the two children. The court also denied Hayes's request for child support, stating that "a divorce action is the more appropriate forum to establish a child support order." At that time, no divorce action was pending. Hayes has appealed the court's refusal to issue a support order.
 {¶ 2} Hayes's sole assignment of error essentially alleges that the trial court erred in refusing to entertain Hayes's request for child support on the merits.
 {¶ 3} R.C. 3113.31(E)(1)(e) provides that a protection order may "require the respondent to maintain support, if the respondent customarily provides for or contributes to the support of the family or household member, or if the respondent has a duty to support the petitioner or family or household member." *Page 3 
 {¶ 4} A trial court may, as part of a civil protection order, award child support under R.C. 3113.31(E)(1)(e) and (h).[1] Although the relief available under R.C. 3113.31 is somewhat similar to the relief available in a divorce action, "it is directed to a different purpose."[2] "The purpose of a civil protection order issued pursuant to R.C. 3113.31 is to provide protection from domestic violence and, incidental to that relief, to provide for support and shelter[.]"[3]
The relief available in an action for divorce provides for financial support in the context of that divorce.[4]
 {¶ 5} R.C. 3113.31 explicitly provides that child support is a part of the relief that may be granted by the trial court in issuing a civil protection order. The legislature clearly intended child support to be one of the remedies available to victims of domestic violence. The refusal of the trial court in this case to consider an award of child support on the basis that another forum was "more appropriate" constituted an error. We hold that R.C. 3113.31 required the trial court to consider the merits of Hayes's request for child support. We point out that the trial court was not required to issue an order for child support because the statute is permissive, stating that support may be awarded. But the court was required to consider the merits of Hayes's request.
 {¶ 6} We hold that the trial court erred in refusing to consider Hayes's request for child support. The assignment of error is sustained. The judgment of the trial court is reversed solely as to the issue of child support. The cause is remanded for a hearing to consider the merits of Hayes's request for child support, and for *Page 4 
further proceedings consistent with law and this decision. The trial court's judgment is affirmed in all other respects.
Judgment affirmed in part and reversed in part, and cause remanded.
SUNDERMANN, P.J., and DINKELACKER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See Halley v. Ashley (Nov. 12, 1997), 9th Dist. No. 18232;O'Hara v. Dials (Feb. 2, 1996), 6th Dist. No. E-95-044.
[2] See Thomas v. Thomas (1988), 44 Ohio App.3d 6,540 N.E.2d 745.
[3] See id.
[4] See id. *Page 1